**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 04:26 PM November 6, 2014**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| HELEN WAY AND | ) | CASE NO. 12-60209 |
| DAVID A. WAY, JR., | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

    This case is before the court on Helen and David A. Way, Jr.'s ("Debtors") motion for reconsideration, filed on October 2, 2014. On September 17, 2014, the court entered an order authorizing the chapter 7 trustee, Anne Piero Silagy ("Trustee"), to sell Debtors' mineral rights to Gateway Royalty II, LLC ("Gateway") and sustaining Trustee's objection to Debtors' homestead exemption in the mineral rights. Debtors request the court reconsider its decision. Trustee and Gateway both filed objections to the motion and the court held a hearing on November 3, 2014.

    The court has jurisdiction of this case under 28 U.S.C. § 1334 and the order of reference, General Order 2012-7, dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

**DISCUSSION**

The facts are adequately set forth in the underlying opinion and will not be repeated. Debtors made two arguments in their quest for reconsideration: (1) a recently obtained appraisal demonstrates the value of the mineral rights, and (2) the prepetition lease ("Buckeye Lease") between Debtors and Ohio Buckeye Energy, LLC ("Buckeye Energy") may be invalid.

Federal Rule of Bankruptcy Procedure 9024 governs motions to reconsider. Rule 9024 adopts, with some modifications that are not applicable here, Federal Rule of Civil Procedure 60 into bankruptcy practice. Rule 60(b) outlines six reasons a party may obtain relief from a judgment or order:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovery evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

The party seeking 60(b) relief carries the burden of proof by clear and convincing evidence. Info-Hold, Inc. v. Sound Merchandising, Inc., 538 F.3d 448 (6th Cir. 2008) (citations omitted). Although Debtors do not cite which ground they rely on, the court interprets the motion to be made under either 60(b)(2) or (6).

To succeed on a 60(b)(2) motion, Debtors must show that the new information was obtained by due diligence and would have produced a different result if presented prior to entry of the judgment. JPMorgan Chase Bank, NA v. First Am. Title Ins. Co., 750 F.3d 573, 584-85 (6th Cir. 2014) (other citations omitted). Debtors have demonstrated neither.

Debtors suggest that the appraisal they obtained from Newell Realty & Auctions LLC, dated August 22, 2014, which values the minerals at $44,000.00, provides grounds for relief. Debtors offer no explanation why the appraisal was not presented before the court's opinion was issued.[1] Trustee's original motion to sell the mineral rights was filed on March 21, 2014[2] and the last pleading was filed on August 25, 2014, leaving five months to obtain an appraisal. Further, this is not a special asset requiring particularized valuation expertise. Thus, the court

---
1 On August 22, 2014, the date of the appraisal, the issues were still under briefing.
2 Trustee eventually vacated the order granting this motion and re-noticed the motion.

12-60209-rk    Doc 136    FILED 11/06/14    ENTERED 11/06/14 16:36:15    Page 2 of 4

cannot conclude that Debtors' efforts to obtain the appraisal demonstrate due diligence.

Additionally, the appraisal is superfluous. There has never been a question that the mineral rights have value, as indicated in Trustee's efforts to sell them and through the court's acknowledgment that "Debtors' oil and gas rights are real property with reasonably specific valuation." (Mem. of Opinion, p. 10, ECF No. 123) The fact that Debtors now have a number to assign to the mineral rights does not alter any of the court's opinion, including the conclusion that the Ohio homestead exemption does not cover the mineral rights and the court has the power to authorize the sale to Gateway.

Debtors also again argue that the Buckeye Lease may be invalid and state they have located an attorney willing to litigate this issue. This is not new evidence. In its opinion, in response to similar arguments, the court determined the validity of the Buckeye Lease was not properly before the court and had no bearing on whether Trustee could enter into the Gateway deed, noting that "the validity of the Buckeye Lease is between Gateway and Rex (the current holder of the Buckeye Lease)." (Id. at 15) Even if Debtors were successful in invalidating the Buckeye Lease, it does not change the fact that the homestead exemption does not cover mineral rights or the court's conclusion that Trustee can transact a sale of mineral rights to Gateway.

The court did reject Debtors' quiet enjoyment and environmental arguments, in some measure based on Debtors' previous lease with Buckeye. To the extent that Debtors believe that invalidity of the lease would nullify or change the court's reasoning, they are wrong. The lease was not the only reason the court spurned their arguments. And even if the lease is invalid, Debtors' contract of the lease can still evince an intent that diminishes their arguments.

Debtors also appear to argue for a change in the court's position under 60(b)(6). This provision is the "catchall" provision and reserved for situations not covered by the first five provisions of Rule 60(b). Henness v. Bagley, 766 F.3d 550, 553-54 (6th Cir. 2014) (citation omitted). It "only applies in exceptional or extraordinary circumstances where principles of equity mandate relief." Id. (citing McGuire v. Warden, Chillicothe Corr. Inst., 738 F.3d 741, 750 (6th Cir. 2013), cert. denied, 134 S.Ct. 998 (2014)). Debtors, as movants, bear the burden of proof under 60(b)(6). Info-Hold, Inc., 538 F.3d 448, 454.

Debtors have not met their burden of proof. First, Debtors simply restate previous arguments and positions, all of which were thoroughly addressed. Debtors have presented no new compelling or controlling evidence or arguments. The facts of this case are not so unusual or extreme to warrant equitable relief under Rule 60(b)(6). In the court's eye, this seems to be a situation like thousands of others before it. Trustee located an asset that Debtors do not want sold. Vigorous attempts to challenge the sale and protect the asset have failed.

Debtors have not demonstrated entitlement to relief under Rule 60(b). An order denying the motion to reconsider will be entered immediately.

# # #

**Service List:**

Kathleen Donnelly
526 Superior Ave.
#1030
Cleveland, OH 44114

Roger J. Stevenson
Roetzel & Andress
222 South Main Street
Suite 400
Akron, OH 44308

Robert A. Bell, Jr.
Vorys, Sater, Seymour & Pease LLP
52 E. Gay St.
P.O. Box 1008
Columbus, OH  43216-1008

Anne Piero Silagy, Esq
1225 South Main Street
Suite 1
North Canton, OH 44720

Helen Way
David A. Way, Jr.
4179 Lunar Road
Carrollton, OH 44615

4