**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 08:52 AM September 24, 2015**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| HELEN WAY AND DAVID A. WAY Jr., | ) | CASE NO. 12-60209 |
| | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |
| | ) | |
| | ) | |

This matter comes before the Court upon the objection of Anne Silagy, chapter 7 trustee, ("Trustee") to the filing of Proof of Claim No. 26, by Helen Way and David Way Jr. ("Debtors") on behalf of creditor ACS/JP Morgan Chase ("ACS").

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157, and the general order of reference dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (B).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## FACTUAL BACKGROUND

Debtors filed a petition for relief under chapter 7 of the bankruptcy code on January 31, 2012. Debtors list on Schedule F of their petition a student loan in the amount of $27,162.00 owed to ACS. On April 17, 2012, the 341(a) meeting of creditors was held and concluded. Then, on July 2, 2012, notice was sent to all creditors including ACS of the bar date for proof of claims. The bar date was set for October 10, 2012. Over two years later, on December 3, 2014, Debtors filed claim No. 26 on behalf of creditor ACS. On May 21, 2015, the Trustee filed an objection to the claim arguing that it is untimely under 11 U.S.C § 501(c) and Fed. R. Bankr. P. 3004. On June 10, 2015, the Debtor filed a response to Trustee's objection arguing that the claim should be allowed because the creditor did not receive notice due to a change of address. A hearing on the matter was held on August 24, 2015. At the hearing Debtors' attorney argued that relief from the time limit was appropriate under Fed. R. Civ. P. 60(b).

## DISCUSSION

The issue confronting the Court is whether the Debtors' proof of claim filed on behalf of ACS is proper over the objection of the chapter 7 Trustee. A debtor may file a proof of claim on behalf of a creditor, "if a creditor does not timely file a proof of such creditor's claim." 11 U.S.C. § 501(c). Bankruptcy Rule 3004 governs the time in which a debtor or trustee may file a proof of claim on a creditor's behalf. It states:

> If a creditor does not timely file a proof of claim under Rule 3002(c) or 3003(c), the debtor or trustee may file a proof of the claim within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable.

Fed. R. Bankr. P. 3004. Specifically, the rule provides a debtor with 30 days after the bar date for creditors' claims to file a claim on behalf of a creditor. Id.

Applying Rule 3004 to the present case, ACS's bar date for filing proof of claim was October 10, 2012. Therefore, Debtors had thirty days from October 10, 2012, or until November 9, 2012, to file claims on behalf of ACS. Debtors filed the proof of claim on behalf of ACS on December 3, 2014, more than two years after the Rule 3004 deadline passed. Accordingly, Debtors' claim is not timely under Rule 3004.

On its face, Rule 3004, appears to preclude the filing of a protective claim by a debtor beyond the thirty day time limit. In fact, the norm for Bankruptcy courts since Rule 3004 took effect has been to strictly construe the bar date of Rule 3004. In re Ford, 205 B.R. 960, 966 (Bankr. N.D. Ala. 1996). However, Fed. R. Bankr. P. 9006(b)(1) provides for an enlargement of the time period if the debtor can show excusable neglect. Specifically, the rule provides:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period

2

> enlarged if the request therefor is made before the expiration of the period
> originally prescribed or as extended by a previous order or (2) on motion made
> after the expiration of the specified period permit the act to be done where the
> failure to act was the result of excusable neglect.

Id. Paragraphs (2) and (3) of Rule 9006(b) proscribe when enlargement of the time period is prohibited. Id. Rule 3004 is not included within these subsections, and thus a debtor filing protective claim under Rule 3004 can argue excusable neglect as method for extending the thirty day time limit. Id.

In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship, 507 U.S 380, 395 (1993), the Supreme Court held that the determination of what types of neglect qualify as "excusable" is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." The Supreme Court then listed the following factors to consider (1) the danger of prejudice to the debtor, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the movant, and (5) whether the movant acted in good faith. Id. The party requesting relief bears the burden of proving excusable neglect. In re Reams Broadcasting Corp., 153 B.R. 520, 523 (Bankr. N.D. Ohio 1993).

Debtors did not expressly request an extension of time to file a proof of claim due to excusable neglect in their response to the Trustee's objection. Instead, Debtors argued that the ACS did not receive notice of the claim's bar date because of an address change. At the hearing on this matter Debtors' attorney argued that the claim should be allowed under Fed. R. Civ. P. 60(B). Essentially, Debtors are requesting an enlargement of the time period for filing a proof of claim because of excusable neglect.

The Court will conduct the excusable neglect analysis as instructed by the Supreme Court, considering all the relevant circumstances in making an equitable determination of whether the excusable neglect standard is satisfied. As set forth below, the Court is not persuaded that Debtor's claim on behalf of ACS should be allowed due to excusable neglect, as only one of the factors weighs in the Debtors' favor.

The danger of prejudice weighs in favor of Debtors. The debt in question is a non-dischargeable student loan debt. Debtors will still owe the balance of the student loan whether or not a distribution is made through the bankruptcy proceeding. Absent a distribution Debtors will owe a larger balance on their student loan debt at the termination of the bankruptcy proceeding. On the other hand, ACS is not prejudiced by either outcome. ACS will be entitled to collect the remaining balance regardless of whether the claim is allowed or not.

The length of the delay weighs heavily against the Debtors. Debtors waited two years and twenty-three days after the time limit passed to file a proof of claim on behalf of ACS. This is a far longer period of time than the twenty days the Supreme Court allowed in Pioneer. 507 U.S. at 384. Furthermore, Debtors' tardy filing has extended these proceedings necessitating objections, responses, and an opinion.

3

The reason for the delay according to Debtors is a change of address that resulted in a lack of notice. Debtors' argue that ACS did not file a claim because they did not receive the necessary notice. Unfortunately for Debtors, no support exists that at the time of the mailing of bar date notice the original address listed for ACS was incorrect. The bar date notice was mailed to the address Debtors' listed on Schedule F of their voluntary petition, and there is no evidence that it was returned as undeliverable.[1] Other than Debtors' assertion that the address is now different, there is no support that the notice was ineffective at the time it was sent.

In any event, the reason for delay was within Debtors' control. Either, the notice was sent to the proper address originally and ACS declined to file a proof of claim and Debtors' waited over two years to file a claim on their behalf; or assuming the notice was sent to the incorrect address, Debtors waited almost two years to investigate and determine that ACS did not file a timely claim. Debtors also mention in their objection a lack of responsiveness from their attorney. Unfortunately, for Debtors this does not explain the extreme tardiness of the claim. Even if the late filing was caused by their attorney, it still does not excuse their neglect because as the Supreme Court has explained Debtors "are held accountable for the acts and omissions of their chosen counsel." Pioneer, 507 U.S. at 397.

Although there is no basis for finding Debtors have not acted in good faith in filing the proof of claim, their reason for delay is weak. Debtors' have not satisfied their burden of proving excusable neglect. All but one of the excusable neglect factors weighs against the Debtors. Debtors' inaction, without evidence of additional circumstances beyond their control, is not enough to excuse the extremely lengthy delay.

After considering all of the circumstances and the Supreme Court's factors, the Court finds that Debtors' failure to file a timely claim under Rule 3004 was not due to excusable neglect. Therefore, no extension will be granted to Debtors under Rule 9006(b)(1). Consequently, Trustee's Objection to Claim No. 26 is **GRANTED**, and claim No. 26 will be disallowed. An order will be entered simultaneously with this opinion.

It is so ordered.

# # #

**Service List**:

**Helen Way**
4179 Lunar Road
Carrollton, OH 44615

**David A. Way, Jr.**
4179 Lunar Road
Carrollton, OH 44615

---

[1] The CM/ECF system has a returned mail function. If the notice mailed to ACS had been sent to an incorrect address the docket for this case would have indicated returned mail.

**Kathleen Donnelly**
526 Superior Ave.
#1030
Cleveland, OH 44114

**Anne Piero Silagy**
Trustee
1225 South Main St
Suite 1
North Canton, OH 44720